MELISSA HOLYOAK, First Assistant United States Attorney (#9832)
MARGOT JOHNSON, Assistant United States Attorney (#16513)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682  •  Facsimile:  (801) 524-3399

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:26-CR-00160-DS |
| Plaintiff, | |
| vs. | UNITED STATES' MOTION FOR DETENTION |
| RENE GERVACIO-GERVACIO, | |
| Defendant. | JUDGE DAVID SAM |

The United States advises the Court of its Position Regarding Detention:

☐     The United States is not seeking detention.

☒     The United States moves for detention based on current information.  Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☐     The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☒ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

### Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

**Rebuttable Presumption**

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

    ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

        **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

        **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

        **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

    ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

        ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

        ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

        ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

        ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

        ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☐ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☐ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☐ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

The United States seeks detention in this matter because no condition or combination of conditions will reasonably assure the appearance of the Defendant and/or the safety of the community.

The Defendant is a 52-year-old native and citizen of Mexico who has been removed from the United States by the U.S. government on 5 prior occasions and has been given two

voluntary returns. Specifically, the Defendant's immigration history indicates the following:

On 05/23/2006, the Defendant was encountered by ICE in Los Angeles County Jail and was served an I862, Notice to Appear. On 05/31/2006, an immigration judge ordered the Defendant removed from the US to Mexico. On 06/01/2006, the Defendant was removed to Mexico through the San Ysidro, CA port of entry.

On 06/14/2006, the Defendant was encountered by US Border Patrol near San Luis, AZ. On 06/15/2006, the Defendant was served an I860, Notice and Order of Expedited Removal. On 08/04/2006, the Defendant was removed to Mexico through the Nogales, AZ port of entry.

On 08/15/2006, the Defendant was encountered by US Border Patrol near Campo, CA and was served an I860, Notice and Order of Expedited Removal. On 03/23/2007, the Defendant was removed to Mexico through the San Ysidro, CA port of entry.

On 06/20/2008, the Defendant was encountered by ICE near Los Angeles, CA. On 06/24/2008, the Defendant was served an I871, Notice of Decision/Intent to Reinstate Prior Order. On 06/25/2008, the Defendant was removed to Mexico through the San Ysidro, CA port of entry.

On 03/01/2009, the Defendant was encountered by US Border Patrol near San Ysidro, CA and was granted Voluntary Return to Mexico

On 11/09/2009, the Defendant was encountered by ICE in the Los Angeles County Jail. On 11/10/2009, the Defendant was served an I871, Notice of Decision/Intent to Reinstate Prior Order. On 11/10/2009, the Defendant was removed to Mexico through the San Ysidro, CA port of entry.

On 05/27/2010, the Defendant was encountered by US Border Patrol near Otay Mesa, CA and was granted Voluntary Return to Mexico

Additionally, the Defendant has a concerning criminal history in the United States, which includes the following arrests and/or convictions:

On 04/24/1998, the Defendant was arrested and charged in Los Angeles, CA for the offense of POSSESS CONCENTRATED CANNABIS, a Felony for which a bench warrant was issued. Case No. 8RH0177301

On 05/07/2001, the Defendant was convicted in a West Covina, CA court for the offense of DUI ALCOHOL/0.08 PERCENT, a Misdemeanor, for which he was sentenced to 20 days jail and 3 years' probation. Case No. 0JM0656901

On 05/07/2001, the Defendant was convicted in a West Covina, CA court for the offense of FALSE ID TO SPECIFIC PEACE OFICERS, a Misdemeanor, for which he was sentenced to 13 days jail or fine. Case No. 0JM0656901

On 05/07/2001, the Defendant was convicted in a West Covina, CA court for the offense of INFRACTION VIOLATION, , a Misdemeanor, for which he was sentenced to 13 days jail or fine. Case No. 0JM0656901

On 10/09/2001, the Defendant was convicted in an El Monte, CA court for the offense of DUI ALCOHOL/0.08 PERCENT, a Misdemeanor, for which he was sentenced to 50 days jail. Case No. 1RH03978-01

ON 05/10/2006, the Defendant was convicted in a West Covina, CA court for the offense of POSSESS CNTL SUBSTANCE, a Misdemeanor, for which he was sentenced to 180 days jail. Case No. CIT6JB0385801

On 6/16/2006, the Defendant was convicted in the United States District Court, District of Arizona, for the offense of ILLEGAL ENTRY in violation of 8 USC 1325, a Petty Offense, for which he was sentenced to 50 days custody of the BOP. Case No. 2:06-po-02342-JR

On 08/29/2006, the Defendant was arrested and charged in Baldwin Park, CA for the offense of DUI ALCOHOL/DRUGS, a Misdemeanor, for which a warrant was issued. Arrest Case No. 9183639-30522534

On 09/09/2009, the Defendant was convicted in a West Covina, CA court for the offense of DUI ALCOHOL/0.08 PERCENT, a Misdemeanor, for which he was sentenced to 180 days jail. Case No. CIT8JB0657601

On 05/11/2023, the Defendant was convicted in the Fourth Judicial District- Heber Justice Court, Wasatch, State of Utah, for the offense of POSSESSION OF CONTROLLED SUBSTANCE MARIJUANA/SPICE a Class B Misdemeanor, for which he was sentenced to 180 days jail, 12 months' probation, and ordered to pay a fine. Case No. 235300400

On 05/11/2023, the Defendant was convicted in the Fourth Judicial District- Heber Justice Court, Wasatch, State of Utah, for the offense of IMPAIRED DRIVING, a Class

B Misdemeanor, for which he was sentenced to 180 days jail, 12 months' probation, and ordered to pay a fine. Case No. 235300400

On 03/20/2025, the Defendant was convicted in the Fourth Judicial District- Heber Justice Court, Wasatch, State of Utah, for the offense of USE OR POSSESSION OF DRUG PARAPHERNALIA, a Class B Misdemeanor, for which he was sentenced to 120 days jail, and ordered to pay a fine. Case No. 245302232

On 03/20/2025, the Defendant was convicted in the Fourth Judicial District- Heber Justice Court, Wasatch, State of Utah, for the offense of POSSESSION OF CONTROLLED SUBSTANCE MARIJUANA/SPICE, a Class B Misdemeanor, for which he was sentenced to 120 days jail, and ordered to pay a fine. Case No. 245302232

The Defendant should be detained as a flight risk and as a danger to the community. The Defendant's immigration history evidences his ability to illegally navigate the United States' border with Mexico, his disregard for the immigration laws of the United States, his foreign ties, and his lack of an established legal residence in the United States. Additionally, the Defendant's criminal history indicates his disregard for the criminal justice system, his lack of respect for the criminal laws in the United States, and the danger he poses to the public. Taking into consideration all the above factors, the United States respectfully requests that the Defendant remain detained during the pendency of these criminal proceedings.

### Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

  ☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

  DATED this 11th day of May, 2026.


  MELISSA HOLYOAK
  First Assistant United States Attorney

   /s/ Margot Johnson
  MARGOT JOHNSON
  Assistant United States Attorney